**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARTHA DIEGO CALATA,

     Petitioner,

v.

MARKWAYNE MULLIN, in his official
capacity as Secretary of the U.S. Department
of Homeland Security; MARY DE ANDA
YBARRA, Acting Field Office Director of El
Paso Office, U.S. Immigration and Customs
Enforcement; TODD BLANCHE, in his
official capacity as Acting Attorney General
of the United States; and DORA CASTRO,
Warden of the Otero County Processing
Center in her official capacity,

     Respondents.

Case No. 2:26-cv-02061-MIS-GJF

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

**THIS MATTER** is before the Court on Petitioner Martha Diego Calata's Petition for Writ

of Habeas Corpus ("Petition"), ECF No. 1, filed June 26, 2026. The Federal Respondents, Todd

Blanche, Markwayne Mullin, and Mary De Anda Ybarra, filed a Response July 8, 2026

("Response"). ECF No. 5. Petitioner filed a Reply July 8, 2026 ("Reply"). ECF No. 6. Upon

Review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the

Petition.

## I.    Background

Petitioner is a citizen of Guatemala who entered the United States without inspection in

October 2001, and remained continuously present in the country for more than twenty-four years.

Pet. ¶¶ 3, 11. Petitioner has maintained steady employment as a residential and commercial

housekeeper, amassed no criminal history during her time in the U.S., and is the mother of three U.S. citizen children, two of which are minors with educational disabilities and speech-language impairments. Id. ¶¶ 12-15.

In June of 2025, immigration officials detained Petitioner. Id. ¶ 2. She has remained in immigration detention ever since and is presently detained at the Otero County Processing Center in Chapparal, New Mexico. Id. ¶¶ 16, 22. Respondents have cited 8 U.S.C. § 1225(b) as the grounds for taking Petitioner into custody, and thus Petitioner has not received an individualized bond hearing evaluating the merits of her detention. Id. ¶ 19. However, Petitioner applied for and was denied Cancellation of Removal before the Immigration Court. Id. ¶ 18. An appeal of that decision remains pending. Resp. at 2.

On June 26, 2026, Petitioner filed the instant Petition seeking immediate release, or alternatively a constitutionally adequate custody hearing. ECF No. 1 at 21. Federal Respondents filed a Response to the Petition on July 8, 2026, ECF No. 5, to which Petitioner filed a Reply, ECF No. 6.

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure

release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

### III.    Discussion

Petitioner argues that Respondents are unlawfully detaining her pursuant to § 1225(b)'s mandatory detention requirement rather than under § 1226(a), which applies to noncitizens such as Petitioner. Pet. ¶¶ 45-51. Thus Respondents are detaining her without a meaningful opportunity for custody review in violation of her Fifth Amendment due process rights. Id. Moreover, Petitioner argues her continued detention – now spanning over a year – "substantially magnifies the constitutional concerns presented by Respondents continued reliance on an allegedly erroneous detention framework," inflicting extraordinary harm on Petitioner and her U.S. citizen children and depriving fundamental liberty interest to be free from imprisonment. Id. ¶¶ 52-60.

Respondents seem to concede that § 1226 rather than § 1225 should govern Petitioner's detention. See generally Resp. at 2-3. Nonetheless, Respondents still argue that the Court should deny the Petition because the Immigration Court previously held two custody hearings regarding Petitioner's detention and, as such, Section 1226(e) operates as a jurisdictional bar precluding judicial review by this Court. Id.    Additionally, Respondents argue that Petitioner has no constitutional right to be released during the pendency of her immigration proceedings and cites a decision out of the Third Circuit[1] to support the proposition that the duration of Petitioner's

---

[1] The Court notes that Respondents incorrectly refer to Borbot v. Warden Hudson County Correctional Facility, 906 F.3d 274 (3d Cir. 2018), as a Ninth Circuit decision in their briefing. Although the Ninth Circuit has cited Borbot, the circuit has also not foreclosed all as-applied challenges to § 1226(a) procedures, nor have they adopted the view that detention under § 1226(a) cannot become unreasonably prolonged. See e.g., Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022).

Further, the Court also notes in Borbot itself the Third Circuit recognized that a detention can become unreasonably prolonged by government delay or some other cause despite the occurrence of an initial bond hearing,

detention alone is not sufficient to sustain a due process challenge when she has been afforded a bond hearing. Resp. at 3-4.

Petitioner disputes Respondents' contention that she has already received a bond hearing, arguing those prior custody hearings are constitutionally inadequate because neither hearing resulted in a determination based on the merits. Reply at 1.  Specifically, Petitioner received two bond/custody determination hearings, one on July 28, 2025, and the other on December 19, 2025. ECF No. 5-2, 5-3.  However, the Immigration Judge in both those hearings denied the request solely on the grounds that the Immigration Court lacked jurisdiction. Id.

Petitioner was apprehended within the interior of the U.S. after continuously living in the United States for more than two decades. Thus, as the Tenth Circuit recently held in Quiroz v. Mullin, No. 266019, —F.4th—, 2026 WL 1876709, (10th Cir. June 30, 2026), Petitioner's detention is governed by § 1226(a). Further, because Petitioner's previous bond hearings were decided on purely jurisdictional grounds and Petitioner was incorrectly classified under § 1225 rather than § 1226, it cannot be said that Petitioner has received a constitutionally adequate bond hearing for the purposes of § 1226(a). Therefore, the Court finds that Respondents have violated Petitioner's rights under the INA and Due Process Clause by failing to provide her a constitutionally adequate bond hearing, and habeas relief is appropriate.

Additionally, and alternatively, the Court further finds that the Petition shall be granted because Petitioner's prolonged detention violates her substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), and in Deborne v. Warden, Cibola County

---

and declined to reach the issue of when, if ever, the Due Process Clause might entitle a § 1226(a) detainee to a new bond hearing. Id. at 280.

Correctional Center, No. 1:26-CV-01657-MIS-KRS, 2026 WL 1694566 (D.N.M. June 11, 2026). The Court finds the Mardanpour analysis applies to individuals detained under Section 1226(a). See Dong v. Mullin, 26-cv-1818-MIS-LF, ECF No. 13 at 3-4 (D.N.M. July 7, 2026). Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981). Under the circumstances of this case, Petitioner's indefinite, ongoing detention of over a year with no reasonably foreseeable end in sight, is constitutionally excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal. Therefore, Petitioner's detention is punitive and a violation of her Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The Court finds that immediate release is the appropriate remedy. See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual

5

unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

## IV.   Conclusion

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Martha Diego Calata's Petition for a Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner from detention;

3. Respondents are **ENJOINED** from re-detaining Petitioner without conducting a constitutionally adequate pre-deprivation bond hearing pursuant to 8 U.S.C. § 1226(a) and In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006);

4. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE